Filed 6/29/22  P. v. Edwards CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CLIFF EDWARDS,<br><br>      Defendant and Appellant. | D076088<br><br><br>(Super. Ct. No. SCD280337) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O'Neill, Judge.  Prior opinion vacated.  Affirmed in part; sentence vacated and remanded with directions.

Shaghayegh Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General for Plaintiff and Respondent.

In May 2019, appellant and defendant Cliff Edwards pleaded guilty to one count of first degree robbery (Pen. Code,[1] §§ 211, 212.5), stipulating that he "entered an inhabited dwelling and took property from the immediate possession of another by force or fear." Edwards admitted he suffered a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12, 668), as well as two prior prison convictions (§§ 667.5, subd. (b), 668). He stipulated to a 10-year prison term: the four-year midterm doubled for the strike conviction plus two one-year enhancements for his prior prison convictions. Following Edwards's guilty plea, the Legislature limited application of prior prison term sentence enhancements to terms for sexually violent offenses. This court held the law applied retroactively to cases not yet final on appeal. (*People v. Keene* (2019) 43 Cal.App.5th 861, 865; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681-682.)

Edwards appealed and asked this court to strike his one-year enhancements as a result of Senate Bill No. 136, which amended section 667.5, subdivision (b). He further contended the superior court violated his due process rights by imposing assessments, fines and fees without first determining his ability to pay them. We remanded the matter with directions that the court strike the prison term enhancements, but directed it pursuant to *People v. Stamps* (2020) 9 Cal.5th 685 to allow the prosecution an

---

[1] Undesignated statutory references are to the Penal Code.

2

opportunity to withdraw prior approval of the plea agreement.[2] We otherwise affirmed the judgment.

In February 2021, the California Supreme Court granted Edwards's petition for review and deferred action pending consideration and disposition of a related issue in *People v. Hernandez* (2020) 55 Cal.App.5th 942 (review granted January 27, 2021, S265739, cause transferred December 22, 2021, with directions to vacate decision and reconsider the matter in light of Senate Bill No. 483).

In March 2022, the California Supreme Court transferred the matter for this court to vacate our decision and reconsider the cause in light of the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.), which added sections 1171 and 1171.1 to the Penal Code (Stats. 2021, ch. 728, § 1). We invited the parties to provide supplemental briefing on application of that law. The People argue Edwards is not entitled to remand because the Legislature created a procedure and timeline for relief within section 1171.1 that controls. They maintain Edwards's case will be referred to the trial court by July 1, 2022, and resolved by December 31, 2023, and thus remand

---

[2]    We held *Stamps* warranted this result. The California Supreme Court in *Stamps* addressed a defendant's remedy in a situation when recent changes to the law—a grant of new trial court discretion under section 1385 to dismiss previously mandatory enhancements—impacted his or her plea with a stipulated term. (*People v. Stamps, supra*, 9 Cal.5th at pp. 705-709.) *Stamps* stated: "If the court indicates an inclination to exercise its discretion [to strike an enhancement] under section 1385, the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' [Citation.] [¶] Further, the court may withdraw its prior approval of the plea agreement. The court's authority to withdraw its approval of a plea agreement has been described as 'near-plenary.'" (*Id.* at pp. 707-708.)

3

for resentencing is not required at this time. Edwards argues that because his enhancements are now legally invalid, his sentence is subject to correction any time, and judicial economy favors a remand now for resentencing in accordance with section 1171.1. For reasons explained below, we will remand the matter for resentencing under section 1171.1.

DISCUSSION

I. *Edwards's Prior Prison Term Enhancements*

While Edwards's appeal was pending review, the Legislature passed and the Governor approved Senate Bill No. 483, which became effective January 1, 2022. (Stats. 2021, ch. 728, § 1; Cal. Bill Tracking Rep. (Dec. 2, 2021).) The bill added section 1171.1, subdivision (a), which invalidates any enhancement under former section 667.5, subdivision (b) that was imposed prior to January 1, 2020, except for enhancements imposed for prior sexually violent offense convictions. (Stats. 2021, ch. 728, § 3; see *People v. Flores* (2022) 77 Cal.App.5th 420, 443, review granted June 22, 2022, S274561.) Section 1171.1 requires recall of the sentence and resentencing, and among other requirements provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1171.1, subd. (d)(1).) Senate Bill No. 483 contains an express statement of intent as to sentences negotiated as part of plea agreements: "It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

4

Section 1171.1 contains procedures and deadlines for recall of the sentences and resentencing of all eligible persons in custody.  (§ 1171.1, subds. (b), (c).)  It mandates the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county to identify and report to the sentencing court all persons in their custody currently serving a term for a judgment having a former section 667.5, subdivision (b) enhancement.  (§ 1171.1, subd. (b).)  For those persons who have served their base term as well as any other sentencing enhancements and are currently serving the section 667.5, subdivision (b) enhancement, the information was to be provided by March 1, 2022.  (§ 1171.1, subd. (b)(1).)  For all other defendants, the information must be provided by July 1, 2022.  (§ 1171.1, subd. (b)(2).)

The sentencing courts are to verify that the current judgment includes a now-invalid enhancement, and if so, recall the sentence and resentence the defendant.  (§ 1171.1, subd. (c).)  For the first group of defendants, review and resentencing must be completed by October 1, 2022; it must be completed by December 31, 2023, for all other eligible defendants.  (§ 1171.1, subd. (c)(1), (2).)

At the resentencing hearing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1171.1, subd. (d)(2).)  It "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since

the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1171.1, subd. (d)(3).) Further, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1171.1, subd. (d)(4).) The court must appoint counsel to represent the defendant at resentencing. (§ 1171.1, subd. (d)(5).) The parties may waive a resentencing hearing, or the hearing may be conducted remotely if the defendant agrees to use of that technology. (§ 1171.1, subd. (e).)

After the California Supreme Court transferred the matter, this court obtained supplemental briefing on the effect of Senate Bill No. 483. The People point to section 1171.1's procedures and timelines for resentencing, and argue no remand is necessary at this point: "Given that [Edwards] is currently serving a lengthy term before the two prior prison term enhancements, under the bifurcated process adopted by the Legislature, he will be part of the second group to be considered for relief, not the first. [Edwards's] case will be referred to the trial court by July 1, 2022, and resolved by December 31, 2023. Thus, while [Edwards] will eventually be provided relief under section 1171.1, remand for resentencing is not required at this time." Edwards disagrees, stating Senate Bill No. 483 "does not state its mechanism is the exclusive remedy for relief . . . . And because the legislation is retroactive to [his] sentence, making his enhancements legally invalid, his sentence is subject to correction anytime it is raised before the court." He maintains "judicial economy favors remand." According to Edwards, "[t]he [attorney general's] proposed remedy will result in a

6

remittitur closing the case. The [Department of Corrections and Rehabilitation] will then have to file paperwork to notify the court of Edwards's illegal sentence, and the trial court will have to reopen the case, appoint counsel, and hold the hearing." He argues "[r]emanding with instructions to follow the new law will be much more efficient and there is no chance the case will be missed by the [Department of Corrections and Rehabilitation]." He asks this court to remand for resentencing in accordance with section 1171.1.

We are persuaded that the preferred course—one that preserves judicial economy and minimizes duplication of effort—is to remand for resentencing. Even assuming the People are correct that Edwards's matter will be resolved by the end of 2023, the statute does not preclude courts from granting relief before that time. (§ 1171.1, subd. (c)(2).) If we were to do nothing at this point, the Department of Corrections and Rehabilitation and trial court will have to verify Edwards as a defendant eligible for relief, which we have now done. Further, a court may correct an unauthorized sentence at any time, as long as the court has jurisdiction over the judgment as we do here. (*In re G.C.* (2020) 8 Cal.5th 1119, 1130; see *People v. Moore* (2021) 68 Cal.App.5th 856, 865.) Accordingly, it is appropriate to remand the matter for resentencing consistent with section 1171.1.

## II. *Imposition of Fines, Fees and Assessments*

At the sentencing hearing, Edwards's counsel asked the court to stay all fines and fees based on Edwards's inability to pay them during his 10-year prison term. The trial court declined to do so and imposed on Edwards a court facilities assessment of $30 (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), a $154 criminal justice administration fee (Gov. Code,

§ 29550), a $41 theft fine (§ 1202.5) and a $3,000 restitution fine (§ 1202.4). The court stayed an additional $3,000 restitution fine under section 1202.45.

In his appeal from the judgment, Edwards relied on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 to assert the court violated his right to due process under the United States and California Constitutions by imposing these charges without holding a hearing on whether he had the present ability to pay them. He asked us to vacate the assessments and stay the fines, or alternatively remand the matter for the court to hold a hearing on his ability to pay. The California Supreme Court is presently considering whether courts must consider a defendant's ability to pay before imposing or executing fines, fees and assessments and which party bears the burden of proof. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 19, 2019, S257844.)

Because we vacate Edwards's sentence and remand the matter for resentencing, we need not reach the merits of these arguments. Edwards will have an opportunity to challenge the fines, fees and assessments anew at that time. He may also raise the applicability, if any, of recent changes in the law, including regarding the criminal justice administration fee imposed under Government Code section 29550, subdivision (c) or (f). (Gov. Code, § 6111;[3] see *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953.)

---

[3] Government Code section 6111 provides: "(a) On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. [¶] (b) This section shall become operative on July 1, 2021."

## DISPOSITION

We vacate our prior opinion in this matter. Edwards's sentence is vacated and modified to strike the prior prison term enhancements. The matter is remanded for resentencing consistent with Penal Code section 1171.1 and with this opinion. In all other respects, the judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

DO, J.